## A. D. HASKELL v. CHARLES C. HANSON.[1]

June 23, 1922.

No. 22,843.

**Evidence of malpractice in amputation of finger insufficient.**

The evidence narrated in the opinion failed to make a prima facie case of malpractice in the amputation of defendant's finger and the subsequent medical treatment.

Action in justice court to recover $47.50 for medical services. Defendant appealed from the judgment of the justice to the district court for Douglas county, where the answer was amended so as to demand $3,000 for plaintiff's malpractice. The appeal was heard by Parsons, J., who granted plaintiff's motion for a directed verdict for $63.83. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*L. L. Larson,* for appellant.

*Briggs, Weyl & Briggs,* for respondent.

[1]Reported in 188 N. W. 1007.

LEES, C.

In February, 1915, the index finger of defendant's left hand was cut by a saw and plaintiff, a physician and surgeon, was employed to attend him. He amputated the finger and dressed the stump, which healed, but remained sensitive and caused defendant more or less pain when he used his hand. Plaintiff advised a second operation to relieve the pain, and it was performed in July, 1915. Plaintiff dressed the stump but once, informing defendant that he might thereafter dress it himself. It healed properly, but the pain continued. Defendant did not return for further treatment. Both parties lived in Alexandria, met frequently on the streets, and from time to time defendant informed plaintiff that his finger still pained him. In 1920, defendant having failed to pay plaintiff's bill, this action was begun in justice court, where plaintiff recovered judgment. Defendant appealed to the district court and filed an amended answer containing a counterclaim for damages for malpractice. The case was tried by jury, and, when the defendant's evidence was in, plaintiff asked for and obtained a directed verdict for the amount of his bill. Defendant has appealed from the denial of his motion for a new trial. One of the grounds for the motion was newly discovered evidence, shown by affidavits stating that after the trial defendant had a third operation performed on his finger, and as a result the pain disappeared.

Whether defendant produced sufficient evidence to entitle him to go to the jury with his counterclaim is the sole question presented. He contends that proper practice required the plaintiff to operate a third time to remove the portion of the finger which was the seat of the pain, and, because he neither operated nor advised him to have another operation, he was derelict in the performance of the professional duty he owed him. On the other hand, plaintiff contends that after he dressed the finger the last time defendant neither asked for nor needed further treatment, and that it was not his duty to volunteer his services.

The medical testimony offered by defendant tended to show that the sensitive condition was caused either by the end of a nerve or by a bony projection in the stump of the finger; that the trouble could

probably be remedied by an amputation higher up, and that, if a patient came to a physician and asked him what he should do, the physician, in the exercise of his judgment, might properly advise such an operation. None of the doctors testified that plaintiff had failed to operate skilfully or that the sensitiveness resulted from improper medical or surgical treatment. They agreed that abnormal sensitiveness in the stump of an amputated member is not unusual and that another amputation will not certainly remedy the condition.

Defendant testified that plaintiff did not ask him to return for further treatment when he dressed the wound the last time, but told him he could rebandage his finger himself and need not come back, and that he did not go back.

Viewing the evidence in the light most favorable to defendant, we discover nothing fairly showing that plaintiff failed to exercise due skill and diligence in anything done or omitted. True, his employment was general and not special, and hence it was his duty to give his patient continued attention if his condition required it. Nelson v. Farrish, 143 Minn. 368, 173 N. W. 715. He did not insure the removal of the abnormal sensitiveness in the finger when he performed the second operation. Although it was performed with reasonable skill, the result hoped for was not accomplished. The result of a third operation might have been more fortunate, but it was not the duty of the plaintiff to pursue the defendant and advise that it be performed. If defendant wanted advice or further treatment, he should have gone back and asked for it. It is unreasonable to suppose that he would wait for five years in the continued expectation that plaintiff would give him further attention. We are of the opinion that he failed to make a prima facie case of malpractice and that the ruling of the trial court was correct.

Order affirmed.